UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| MARK E. BOUCHETTE, ) | CIVIL ACTION 4:12-1416-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | ORDER |
| ) | |
| CAROLYN W. COLVIN,[1] ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On September 25, 2013, the Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 42 U.S.C. § 2412(d). On November 4, 2013, Defendant filed a response stating that Defendant does not object to the amount of EAJA fees requested and agrees to pay Plaintiff $5,032.26 in attorney fees pursuant to EAJA.[2]

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] Even though Plaintiff did not specifically request a contrary arrangement, Defendant requests that the fee award should be paid directly to Plaintiff, not Plaintiff's counsel, despite the fact that Plaintiff submitted an affidavit stating he was assigning his entitlement to a fee under the EAJA to his attorney. This issue was addressed recently in Payton v. Astrue, 2012 WL 1859193 (D.S.C. May 22, 2012), in which the court held the following:

> Defendant did not object to this calculation of the fee. Defendant does object to Payton's request that fees be awarded directly to her attorney. Payton signed an affidavit that assigns all fees awarded under the EAJA to her attorney. However, the Supreme Court has recently held that the EAJA requires attorney's fees to be awarded directly to the litigant. See Astrue v. Ratliff, ––U.S. ––, ––––, 130 S.Ct. 2521,

Therefore, it is

**ORDERED** that Plaintiff's motion for attorney's fees (doc. #36) is granted, and Plaintiff is awarded attorney fees pursuant to EAJA in the amount of $5,032.26.

**IT IS SO ORDERED**.

|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
|  | Thomas E. Rogers, III |
| November 5, 2013 | United States Magistrate Judge |
| Florence, South Carolina |  |

---

2527, 177 L.Ed.2d 91 (2010) ("EAJA fees are payable to litigants and are thus subject to offset where a litigant has outstanding federal debts."); Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same). In addition, this court has held that EAJA fees are payable to the plaintiff even where she has attached an affidavit assigning her rights in the fee award to counsel. See Washington v. Astrue, No. 08–2631, 2010 WL 3023048, at *5 (D.S.C. July 29, 2010). Therefore, the court grants attorney's fees to plaintiff, not her attorney, . . .

Payton v. Astrue, 2012 WL 1859193, * 3, n. 3. Thus, any requests by Plaintiff that the court order the EAJA fees be paid directly to his attorney would be improper.

2